ORIGINAL

OJP

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IN RE AIR CRASH OFF THE COST OF      Case No. 00-MD-1344 (FB) (KAM)
NANTUCKET ISLAND, MASSACHUSETTS ON
OCTOBER 31, 1999     **ORDER**

-----------------------------------------------------------------x

WHEREAS this matter arises from the crash of Egypt Air flight 990 on October 31, 1999;

WHEREAS from May 29 through June 3, 2007, at Egypt's Court of Cassassion, historic settlement proceedings were held in Cairo, Egypt ("the prior proceedings") in which Dr. Yassin El-Ayouty presided as Special Master under the supervision of this Court;

WHEREAS in the prior proceedings, plaintiffs were given a choice between accepting a $125,000 settlement, with $25,000 of the proceeds paid to plaintiffs' counsel as attorney's fees ("Option 1") or presenting their damage claims to Dr. El-Ayouty for an award of between $100,000 and $225,000, out of which plaintiff would be required to pay $25,000 in attorney's fees ("Option 2");

WHEREAS five cases were resolved with Option 1 and nine cases were resolved by Option 2;

WHEREAS participation of more plaintiffs in the prior proceedings was thwarted by non-litigation interests;

WHEREAS cases arising from the deaths of the following twenty-eight individuals remain pending before the Court ("the remaining cases"): Aly Rashad Aly

Mohamed, Baria Zaki Mohamed, Ragab Mohamed Abdelbaky, Magdy Mahmoud Mohamed, Mostafa Lofty Mohamed, Sherif Fathy Tawfeek, Khaled Mohamed Elsam, Nehad Ahmed Wasfy, Yasser Mohamed Kamal, Gama Mohamed Emara, Mohamed Mahmoud Mohamed El Sayed, Ashraf Fouad Mohamed El-Mansy, Tamer Ibrahim Kassem, Hesham Sabry El Awady, Jihan El Shoura, Salah Mohamed El Sahban, Mohamed Galal Abd El Maksoud, Kalid El Sayed Aboelsoud, Samir Mahmoud Aboul Enein Shaaban, Ehab Mohamed Nabil Hussein Salama, Diaa El-Din Hosny Hussein, Jeanette Fam Sadek Tadros, Maha Aly Mokhtar El Mahrouky, Khalifa Gahri Hassenin, Mahmoud Abd-Elazym Laz, Adel Maher Hassan, Hosam El Din Ghafar, and Gihad Hossameldin;

WHEREAS plaintiffs in the remaining cases are citizens and residents of Egypt;

WHEREAS settlement funds for plaintiffs that participated in the prior proceedings have been distributed;

WHEREAS payment of settlement funds has created interest among plaintiffs in the remaining cases in mediating their claims in a manner similar to the prior proceedings;

NOW, THEREFORE, the Court orders as follows:

1. On or before February 14, 2008, plaintiffs' counsel will produce by written notice to all parties and the Court the names of plaintiffs that wish to participate in further settlement proceedings, specifying which plaintiffs select Option 1 and which select Option 2 to resolve their claims.

2. Plaintiffs choosing Option 1 shall have their cases be processed and paid with the exchange and filing of the notices, releases, and court approvals utilized previously.

3. Plaintiffs choosing Option 2 must execute the attached Option Selection Form, stating that they elect to resolve their claims before Dr. El-Ayouty. The executed Option Selection Form must be filed with the Court as an enclosure to a signed copy of the attached letter on or before February 14, 2008.

4. A second round of binding mediation in Cairo, Egypt will only be held if plaintiffs in twelve or more of the remaining cases choose Option 2 and satisfy the above requirements. In the event that this level of participation is not achieved, a scheduling conference to set a discovery schedule will be held before the magistrate judge on or before March 14, 2008. Plaintiffs selecting Option 1 will be unaffected by the level of participation in Option 2.

5. If the requisite number of plaintiffs in the remaining cases select Option 2, Dr. El-Ayouty will serve as Special Master and preside over the proceedings which, shall be scheduled as soon as practicable after February 14, 2008. Dr. El-Ayouty will issue awards based upon presentations made at the sessions. Each case shall attempt to make its presentation in no more than one hour; plaintiffs will be assisted by their counsel in making their presentations. All testimony and written materials will be limited to the issue of damages and will not be under oath, or in any way transcribed or recorded. After completion of the proceedings, Dr. El-Ayouty shall issue formal awards as soon as

practicable, subject to a final order being entered by the Court; all arrangements and agreements between the parties concerning releases, orders of dismissal, court approvals, and limitations on attorneys' fees and costs will remain the same as used in the prior proceedings.

6. The costs associated with the proceedings shall be equally split in the same manner as the prior proceedings.

7. In the event that the requisite number of plaintiffs select Option 2, any individual plaintiff who gives notice prior to February 14, 2008 that he or she wishes to select Option 2, but fails to participate in proceedings before Dr. El-Ayouty will have their case dismissed with prejudice for failure to prosecute.

**SO ORDERED**

/signed/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 13, 2007

4